**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| KAREY DAVID COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:13-cv-170-TWP-DKL |
| | ) | |
| J. EVERETT LIGHT CAREER | ) | |
| CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry and Order Dismissing Action**

**I.**

On February 7, 2013 this Court notified Plaintiff Karey David Coleman ("Mr. Coleman") that his complaint (Dkt. 1) failed to establish facial plausibility. Specifically, Rule 8(a) of the *Federal Rules of Civil Procedure*, provides that ʌ[a] complaint must always . . . allege ⱦenough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). ʌA claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).

Mr. Coleman was notified of the foregoing and ordered to file a supplemental complaint by February 20, 2013, so that he could explain how his claim could be plausible. Mr. Coleman responded by filing a supplement which unfortunately fails to cure the deficiency. For example, Coleman writes, "Todd Delay did not performed

that ordinance on a professional standard based on the performances committed by Todd Delay based on my educational position in my life and sufficiency among my success stated in the General provision section and by provision in the dictionary stated." Dkt. 5 at p. 2. Todd Delay is not named as a defendant in this action. Todd Delay's connection, if any, with the defendant, is not supplied in either the complaint or the supplement.

Whether a complaint states a claim is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). Here, no plausible claim has been stated and dismissal of the action pursuant to 28 U.S.C. § 1915(e)(2)(B)--because Coleman was granted leave to proceed *in forma pauperis*--is now required. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990) ("Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.").

## II.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: _____03/01/2013_____

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Karey David Coleman**
**189 South Sunblest**
**Fishers, IN 46038**